# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: O.B. & R.M.**

**No. 14-1233** (Wood County 13-JA-86 & 13-JA-87)

**FILED**

June 15, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother J.S., by counsel Jessica Myers, appeals the Circuit Court of Wood County's August 27, 2014 and October 29, 2014, orders terminating her parental rights to O.B. and R.M. and denying her post-termination visitation, respectively. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Snead, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights, denying her a dispositional improvement period, and denying her post-termination visitation.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 14, 2013, petitioner contacted the DHHR and reported that she was unable to provide appropriate financial, emotional, and mental support for her children. Petitioner also stated that her roommate emotionally abused her children. According to petitioner, she did not have family who could help her, and she had no other place to live. Petitioner indicated that she did not want to accept any services and that she wanted to relinquish custody of her children to the DHHR. The DHHR filed a petition for abuse and neglect based upon petitioner's statements. Subsequently, the DHHR filed an amended petition for abuse and neglect alleging domestic violence and emotional abuse between petitioner and O.B.'s father, G.B.

In November of 2013, the circuit court held an adjudicatory hearing. Petitioner stipulated that the children were abused and neglected due to the history of domestic violence between her and G.B. in the presence of the children. Ultimately, the circuit court granted petitioner a post-

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed at the time of the lower court proceedings.

adjudicatory improvement period. The terms and conditions of the improvement period required petitioner to participate in parenting and life skills classes; obtain safe housing; attend substance abuse education, evaluation, and treatment; and submit to a psychological evaluation.

The circuit court held a review hearing in February of 2014, during which the DHHR presented evidence that petitioner tested positive for marijuana. As such, the circuit court ordered petitioner to submit to three drug tests per week. The circuit court also ordered that petitioner was prohibited from having any contact with G.B. Several days later, petitioner again tested positive for marijuana. The following month, the DHHR filed a court summary that indicated that petitioner was still having contact with G.B., in violation of the circuit court's order.

In August of 2014, the circuit court held a dispositional hearing. The DHHR presented evidence that petitioner continued to have contact with G.B. throughout the underlying proceedings; failed to obtain safe housing; failed to complete substance abuse services; and continued to use drugs. Importantly, petitioner admitted that she "has not complied with most of the terms and conditions of her post-adjudicatory improvement period." Ultimately, the circuit court found that petitioner failed to follow through with her improvement period and terminated her parental rights to both children by order entered August 27, 2014. Thereafter, the circuit court denied petitioner's motion for post-termination visitation by order entered October 29, 2014. Petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's orders terminating petitioner's parental rights, denying petitioner's motion for a dispositional improvement period, and denying post-termination visitation.

First, petitioner argues that the circuit court erred in terminating her parental rights without employing a less-restrictive dispositional alternative, pursuant to West Virginia Code § 49-6-5(a) and our holding in syllabus point one of *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).[2] Petitioner's argument fails to consider our directions regarding termination upon

---

[2]This Court previously has held that

2

findings that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future. This Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [1977] that conditions of neglect or abuse can be substantially corrected." Syl. pt. 2, *In Re: R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re Dejah P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). Our review of the record shows no error in the circuit court's termination of petitioner's parental rights to her children. The record reflects that the circuit court granted petitioner a post-adjudicatory improvement period. Ultimately, the circuit court determined that petitioner failed to successfully complete her improvement period because she failed to complete substance abuse services; maintained contact with G.B. throughout the underlying proceedings in violation a circuit court order; failed to obtain safe housing; and continued to abuse drugs. Most importantly, petitioner admitted that she "has not complied with most of the terms and conditions of her post-adjudicatory improvement period." We find that the circuit court did not err in finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Therefore, the circuit court did not err in terminating petitioner's parental rights without employing a less-restrictive dispositional alternative.

Next, petitioner argues that the circuit court erred in denying her a dispositional improvement period. West Virginia Code § 49-6-12(c)(2) requires that, in order to obtain a dispositional improvement period, petitioner must "demonstrate[ ], by clear and convincing evidence, that [she] is likely to fully participate in the improvement period . . . ." Here, the record is clear that petitioner could not satisfy this burden. As stated above, during her post-adjudicatory improvement period, petitioner failed multiple drug tests; continued to have contact with her abuser in violation of the circuit court's orders; failed to obtain safe housing; failed to complete substance abuse services; and admitted to not complying with most of the terms and conditions of her improvement period. Based on this evidence, the circuit court found that petitioner "failed to follow through with the improvement period." For these reasons, we find no error in the

---

> [a]s a general rule the least restrictive alternative regarding parental rights to custody of a child under W.Va. Code [§] 49-6-5 (1977) will be employed; however, courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements.

Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

circuit courts findings that petitioner was not likely to fully participate in the improvement period and that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future.

Finally, petitioner argues that the circuit court erred in denying her post-termination visitation with her children because she had a significant bond with the children and that her supervised visits were positive during the underlying proceedings. We have held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 8, *In re Isaiah A.*, 228 W.Va. 176, 718 S.E.2d 775 (2010). The record here is clear that continued visitation between petitioner and the children would be detrimental to their wellbeing. In the proceedings below, the circuit court was presented with evidence that visitations were often positive and that the children were happy to see petitioner. However, the circuit court was also presented with evidence that petitioner attended visitations while she was "high" on marijuana and methamphetamine. Petitioner further admitted that she was present while individuals manufactured methamphetamine. Additionally, evidence established that petitioner was still living with her abuser who continued to abuse her. Petitioner testified that G.B. threatened to shoot the service providers, to kidnap the children and flee to Mexico. As such, the circuit court did not err in denying petitioner post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court and its August 27, 2014, and October 29, 2014, orders are hereby affirmed.

Affirmed.

**ISSUED:** June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II